## In re Anonymous Nos. 63 and 64 D.B. 84

Disciplinary Board Docket nos. 63 and 64 D.B. 84.

Letter to the Disciplinary Board of the Supreme Court of Pennsylvania:

*Hearing Committee,* October 20, 1988 — Hearing Committee [ ] has made a determination in this case under the abbreviated procedure described in section 89.181 of the Disciplinary Board Rules, which determination has been accepted by respondents and petitioner. The following brief summary of the case is made pursuant to section 89.181(c)(7).

A complaint against respondents was received by petitioner on December 2, 1982, which complaint was dismissed when it was found to be without merit. The investigation of the original complaint revealed, however, that respondents had unknowingly overdrawn their trustee account on September 22, 1982, causing difficulty with that account for several months. Petitioner filed a petition alleging that respondents violated Disciplinary Rule 9-102(A) and a hearing was held on November 18, 1984. The hearing committee concluded that no violation had occurred.

By an order dated June 26, 1985, the board remanded the case to this committee "in order that the record may be supplemented and additional evidence received at a reconvened hearing in connection with an audit of all client accounts for the period September 1982 through March 1983, such audit to be conducted by an outside auditor selected by Disciplinary Counsel." The independent audit was received by petitioner in December 1985 and a hearing was held on July 28 and July 29, 1988. Petitioner presented the testimony of the independent auditor, an attorney specializing in bankruptcy and one of respondents' clients. Respondents testified on their own behalf and both parties submitted numerous exhibits.

In the interim between the November 1984 hearing and the July 1988 hearing, petitioner had made numerous other charges against respondents, accusing them of misrepresenting facts to the committee and to petitioner and accusing them of dealing dishonestly with various clients. Petitioner contended that evidence of this alleged dishonesty was relevant to the questions raised in the petition. Respondents made no objection and the committee admitted this evidence at the hearing.

After hearing extensive testimony and examining many exhibits, the committee is even more convinced than before that its conclusions reported to the board on April 8, 1985 were correct. Petitioner has placed respondents' conduct under extreme scrutiny by intricately examining scores of respondents' transactions with their clients; yet nothing presented to the committee caused it to believe that anything improper transpired in connection with respondents' trustee account other than what was explained to the board in the report filed April 8, 1985, and nothing presented to the committee

caused it to believe that respondents had been anything but completely honest in all of their dealings with their clients, with petitioner and with the committee. Furthermore, petitioner was unable to locate any client dissatisfied with respondents' handling of their money or underlying case entrusted to respondents.

This committee's willingness to now find a technical violation of rule 9-102(A) was not caused by any additional evidence but by the belief that the acknowledgment of a technical violation may help bring this matter to a conclusion. The committee recognizes that reasonable minds can differ as to the application of this rule to inadvertent bookkeeping errors. Petitioner has cited two cases in a memorandum submitted at the hearing, which cases demonstrate that a guilty mind is not a prerequisite to a violation of this rule. *In re Harrison,* 461 A.2d 1034 (D.C. Ct. of Appeals 1983); *In re Archer v. State of Texas,* 548 S.W.2d 71 (1977). In both of these cases, however, the respondent-attorneys had mingled clients' money in their general office accounts and had not maintained separate trustee accounts as did respondents in this case. Nevertheless, a liberal reading of those cases can support a finding of a technical violation of this rule by respondents.

The committee would like to caution any person reviewing this case that many of the charges and accusations made against respondents appear at first blush to have merit. This initial appearance of validity has been caused by the very thorough and aggressive investigation by petitioner and by the complexity of the factual issues involved. This initial appearance, however, does not survive a complete examination of the testimony and the exhibits.

476

Respondents have repeatedly demonstrated to this committee that they have handled the legal affairs of their clients competently and honestly. The committee urges the board to accept its recommendation that no discipline be administered to these respondents who have undergone six years of inconvenience and expense for what, at the most, is a very minimal violation.

## ORDER

And now, January 27, 1989, the report and recommendation of Hearing Committee [ ] dated October 15, 1988, pursuant to section 89.181 of the Disciplinary Board Rules is accepted, and there being no exceptions filed; it is hereby ordered and decreed, that the charges against [respondent 1] and [respondent 2] be dismissed.

Messrs. Gilbert and Padova dissent and would recommend informal admonition. Mr. McDonald abstained.